1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   VIENPHUONG TI HO,                    Case No.  2:19-cv-09430-DOC-KES

12              Plaintiff,

13        v.                              ORDER ACCEPTING REPORT AND
                                          RECOMMENDATION OF UNITED
14   THE CITY OF LONG BEACH              STATES MAGISTRATE JUDGE

15   PUBLIC WORKS, et al.,

16              Defendants.

17

18

19        Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the

20   records and files herein, along with the Report and Recommendation of the United

21   States Magistrate Judge.  Further, the Court has engaged in a de novo review of

22   those portions of the Report and Recommendation to which objections have been

23   made.  (Dkt. 40, 45.)  The Court accepts the findings, conclusions, and

24   recommendations of the United States Magistrate Judge.

25        IT IS THEREFORE ORDERED that:

26        1.      Defendants' motions to dismiss for failure to state a claim (Dkt. 22, 23,

27   25) are **granted in part and denied in part**;

28

2. The anti-SLAPP motion filed by Defendants Oum, Pho, and Roshanian is **denied without prejudice**;

3. Claim 1 (as to Defendants Oum, Pho, and Roshanian), Claim 5, and Claim 8 of the Complaint are dismissed **with prejudice and without leave to amend**;

4. Claim 1 (as to the other Defendants), Claim 2, Claim 3, and Claim 4 of the Complaint are dismissed **without prejudice and with leave to amend**;

5. Leave to amend is limited to adding facts supporting the claims pled in the initial Complaint, and it does not include leave to add new Defendants or claims;[1] and

6. Plaintiff shall file a First Amended Complaint **within thirty (30) days** of the date of this order.

DATED:  Feb 10, 2020

*David O. Carter*

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff objects that she should be allowed to amend the Complaint to bring a new state-law claim against new defendant(s) for an "illegal eviction" that occurred on November 1, 2019 (Dkt. 45 at 2, 5, 9-11), the Court denies such leave at present.  Plaintiff must first state a valid basis for relief under federal law to properly invoke this Court's subject matter jurisdiction.  If she does so, she may later seek leave to amend to add new state-law claims, which the Court may decide to reach under supplemental jurisdiction.  See 28 U.S.C. § 1367.